GEORGE A. CLARK and another *vs.* A. H. LINDEKE, Assignee.

July 18, 1890.

**Insolvency — Claim held Merged in Later Contract. —** Evidence considered, and *held* sufficient to support the finding of the trial court that the claim in question presented to the assignee of an insolvent estate for allowance had been merged in a certain contract between the insolvents and one of the claimants with the knowledge and consent of the latter, and hence was properly rejected by the assignee.

Appeal by plaintiffs, partners as Geo. A. Clark & Bro., from an order of the district court for Hennepin county, *Lochren, J.,* presiding, refusing a new trial of their appeal from the assignee's disallowance of a claim presented by them against the insolvent estate of Shotwell, Clerihew & Lothman.

*Jackson & Atwater* and *Charles B. Meyer,* for appellants.

*J. M. Shaw, Wilson & Lawrence,* and *Lusk & Bunn,* for respondent.

VANDERBURGH, J.    The appellants duly presented to the respondent, the assignee of Shotwell, Clerihew & Lothman, for allowance against their insolvent estate, a claim amounting to $77,864, being a balance of $62,680.13, with interest, claimed to be due from the firm for moneys loaned and advanced to them at divers dates in the year 1884.    This claim was rejected and disallowed, on the ground that the same was settled and merged in a special contract made between Shotwell, Clerihew & Lothman and William Clark, one of the members of the firm of George Clark & Bro., on the 31st day of January, 1885, being a part of the sum of $150,000 therein mentioned, and which agreement recites: "Whereas, the party of the first part has loaned and advanced to the parties of the second part, in addition to certain other moneys, the sum of $150,000, to be used and employed by the said parties of the second part in the conduct and management of their copartnership business," and in which it was mutually agreed, upon sufficient consideration therein recited, and under the hands and seals of the respective parties, that no part of the said sum of $150,000 should become due and payable until Jan-

uary 1, 1888, except as therein provided, and in case the parties of the second part should discontinue their business prior to that date the partnership debts should be preferred and discharged in full. On the 15th day of February, 1887, this agreement was superseded by another between the same parties under seal, containing like provisions, and extending the time of payment of the $150;000 therein referred to, until the 31st day of December, 1891. The respondent introduced evidence before the trial court tending to prove his contention that the claim in controversy was included in this agreement, and the court has so found and determined. And it is enough, we think, upon this branch of the case, to say that, upon a careful perusal of the testimony and documentary evidence in the case, we find this conclusion abundantly supported by the record. And we are further satisfied that there were no substantial errors in the reception of testimony, and none that could be deemed prejudicial to the rights of the appellants. The general finding of the court is, in substance, that the sealed writing in question was made at the request and on behalf of George A. Clark & Bro,, and that the operation and effect of that agreement was to release the amount of the claim made against the insolvent firm in these proceedings. This general finding includes a finding that the agreement in question was authorized or ratified by the firm of George A. Clark & Bro., and therefore became binding on them. The court was of the opinion that their knowledge and assent to this arrangement were shown by the evidence in the case. In this we think the court is sustained by the record. And, if this is so, it is not material, for the purposes of this appeal, that the particular facts which support this conclusion of the court are not more specifically stated in its findings.

It appears that the firm of George A. Clark & Bro. is a partnership engaged in a very extensive business in Scotland, and have a branch house in this country, located in the city of New York. None of the members of the firm reside in this country, or have any personal supervision of the business of the firm here, except William Clark. One Robert Cumming has been the agent of the firm, in charge of its books, and having the general management of its finances in this country, for more than eight years past. In the year 1884, Cumming, as

v.44m—8

agent or attorney for the firm of George A. Clark & Bro., drew
certain drafts upon Shotwell, Clerihew & Lothman for divers sums,
which, together with interest and less certain payments credited to
them, constitute the amount of the claim in controversy here, which,
as already stated, were included in the contract and settlement of
January, 1885. And Cumming, who represented all the mem-
bers of the firm, participated in and knew all about that settlement,
and signed the contract as a witness. He himself drew up the
statement of the account included in the settlement, and afterwards,
upon the books of the firm in the current account thereon with the
insolvents, transferred $75,000 therefrom to a "special" account of
two items of $75,000 each, making $150,000, the amount included
in the contract. The same statement and account includes other
items included in and explanatory of the terms of the settlement
referred to. The "special loan of $150,000" of January, 1885, is also
referred to in another statement of account of the firm with the in-
solvents, rendered in 1887; and, while loans and accounts accruing
subsequent to 1884 were promptly presented for adjustment by pay-
ment or note at maturity, no claim was ever made by the firm or any one
on their behalf for the amount of the indebtedness of 1884 included in
the contract, until presented in 1888 to the assignee as additional or
supplemental to one which had been previously presented to him by
the firm, in which it was not included. By an agreement mutually
entered into by and between George A. Clark & Bro. and the individual
members of the firm of Shotwell, Clerihew & Lothman, dated March
3, 1884, certain life-insurance policies held by the latter were assigned
to secure certain other indebtedness due from them to the former.
And by a supplemental agreement dated February 10, 1885, attached
to the assignment last described and executed by the parties of the
second part therein, and which purports to be "in consideration of
the sum of one dollar paid to each of the parties to the above agree-
ment," it was mutually agreed that all the policies of insurance as-
signed to the party of the second part (George A. Clark & Bro.)
should be held also as collateral security for a loan made to them
(Shotwell & Co.) by William Clark until paid and discharged as pro-
vided by an agreement made between them and him, January 31,

1885. And by reference to the recital in the last-named agreement, hereinbefore set forth, it will be observed that the firm indebtedness therein included is treated as money loaned and advanced by William Clark. Considering the entire history of the transaction, the evidence tends to support the conclusion of the learned district judge that William Clark was acting for the firm, and that the latter had an interest in the contract under consideration, and that the arrangement was made with its knowledge and consent. The connection of Cumming with the transaction was in the course of his employment, and must be deemed, as to his dealings with the insolvents, to be within the scope of his agency.

These are the controlling questions in the case, and the only ones which it is found necessary to consider.

Order affirmed.